# Wiggins *v.* Newberry.

*Petition by Widow for Assignment of Dower.*

1. *Dower; when widow, having separate estate, is not entitled to.*—When it is shown that the value of the husband's lands does not exceed $350, and that the widow owned, at the time of her husband's death, lands worth more than $100 as her statutory estate (Code, § 2715), she is not entitled to dower.

APPEAL from the Probate Court of Monroe.

IN the matter of the petition of Mrs. Abigail S. Wiggins, the widow of James Wiggins, deceased, for an assignment of dower in the lands which belonged to her said husband at the time of his death. James Wiggins died in July, 1869. The petition was filed in September, 1882, and was contested by some of the heirs. On the evidence adduced, all of which is set out in the bill of exceptions, the court held that the petitioner was not entitled to dower, and therefore dismissed her petition; and this ruling and decree, to which an exception was reserved, is now assigned as error.

[Ex parte Dunklin.]

S. J. CUMMING, for appellant.

D. S. NEVILLE, *contra.*

STONE, J.—The testimony bearing on the question of value of the lands, in which dower is claimed, fixes it at from two hundred and fifty, to three hundred and fifty dollars. The intestate leaving children, the widow's claim of dower would be a life estate in one-third of the land in value. Conceding the highest valuation—$350—the value of one-third of it in fee would be $116.67. Mrs. Wiggins herself testifies, that at the time of her husband's death she owned an interest in the claim on Dees, for lands sold to him in which she had an interest, on which she realized $100, after her husband's death. She afterwards realized an additional sum, not fully stated, but probably $100 more. Looking alone to the first collection of one hundred dollars, which was her separate estate, and owned by her at her husband's death, it is manifest the absolute ownership of that sum was of greater value than a mere life estate in $116.67. The Probate Court did not err in dismissing the petition for dower.—Code of 1876, § 2715; *Billingslea v. Glenn,* 45 Ala. 540.

We have taken no account of the cattle, because the testimony leaves us in doubt whether they belonged to the husband or the wife. At all events, she had the benefit of them.

What we have said relates to the claim of dower. It may be that the widow is entitled to homestead exemption during her life, in eighty acres of the land, under the constitution of 1868. Art. 14, §§ 2, 3, 5.